UNION STOCK YARDS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 7078, 7388.   Promulgated May 23, 1928.

*D. J. Shorb, Esq.*, for the petitioner.
*Benton Baker, Esq.*, for the respondent.

64

OPINION.

LANSDON: The petitioner's chief contention here is that the Commissioner has erroneously reduced the book value of its fixed assets for invested capital purposes in the taxable years by the amount of $122,381.80. The assets in question consist of 484½ acres of land, certain extensive stockyard facilities, leases and options and a grain elevator. To sustain its position it relies on the decisions of the Board in the *Appeal of Cleveland Home Brewing Co.*, 1 B. T. A. 87, and *Appeal of Russell Milling Co.*, 1 B. T. A. 194. It argues that inasmuch as its books from 1910 to and through the taxable years reflected its knowledge of the cost and its best judgment of the values of the fixed assets which it seeks to include in the computation of its invested capital, there is a presumption that such books are correct and that the costs and value reflected therein should not be disturbed unless the respondent adduces affirmative evidence sufficient to sustain his adjustments.

Reference to the decisions cited convinces us that neither has any bearing on the issue here. There, in each instance, the controversy was over the reduction of invested capital resulting from alleged arbitrary increase by the Commissioner of the petitioner's reserve for depreciation and had no relation to the value of the depreciable assets in controversy at the time they became factors in the computation of invested capital. The pertinent provisions of law applicable here, as found in section 207(a) of the Revenue Act of 1917, and section 326(a) of the Revenue Act of 1918, include the following categories of tangible assets which may be included in invested capital for profits-tax purposes:

1. Actual cash bona fide paid in for stock or shares:

2. Actual cash value of tangible property, other than cash, bona fide paid in for stock or shares, at the time of such payment, but in no case to exceed the par value of the original stock or shares specifically issued therefor, unless the actual cash value of such tangible property at the time paid in is shown to the satisfaction of the Commissioner to have been clearly and substantially in excess of such par value, in which case such excess shall be treated as paid-in surplus: * * *

3. Paid-in or earned surplus and individed profits; not including surplus and undivided profits earned during the year * * *.

An analysis of these provisions indicates very clearly that in the determination of invested capital the Commissioner can not accept as conclusive either the par value of outstanding stock or the book values of assets as reflected by the accounts of taxpayers. Reduced to its simplest terms, statutory invested capital may include paid-in capital and earned surplus. By the very terms of the law, taxpayers must be able to show the actual cash value of the assets paid in for stock or shares and the actual amounts of net earnings remaining at risk in the business. In this proceeding we are unable to determine whether the land and improvements were acquired for cash or were paid in for stock or shares, or the actual cash value thereof if so paid in. In the absence of these essential facts the most conclusive proof of the actual value of the petitioner's fixed assets in 1910 or at any other date subsequent to incorporation or to the acquisition of such property is obviously wholly immaterial here. *La Belle Iron Works* v. *United States*, 255 U. S. 377. No evidence has been adduced upon which we can make any findings of fact upon which to base a conclusion adverse to the determination of the Commissioner.

The petitioner's second contention is that ·it should be allowed a ratable annual deduction from its gross income for each of the taxable years on account of the exhaustion of the lease through which it enjoys the possession and use of certain lands and stockyards facilities owned by the Union Pacific Railway Co. To prevail on

this point it must prove the value of such lease at March 1, 1913. Two witnesses, both formerly connected with petitioner as stockholders and officers, of whom one is now a banker and the other the livestock agent of the Union Pacific Railway Co., testified that in their opinions the lease in question had a value at March 1, 1913, in the amount of $45,000. Upon this uncontradicted evidence we are of the opinion that the leasehold in question had a value of $45,000 at March 1, 1913, and that the petitioner is entitled to ratable deductions for the depreciation thereof in the taxable years, based on its remaining life.

*Decision will be entered under Rule 50.*